UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID S. COHEN,

                            Plaintiff,

v.                                       Civil Action No. _____

CREDIT BUREAU COLLECTION SERVICES, INC,

                            Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, David S. Cohen, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Credit Bureau Collection Services, Inc. is a corporation organized and existing under the laws of the State of Ohio and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

7. Defendant regularly attempts to collect debts alleged to be due another.

8. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a personal loan obligation to the Navy Marine Relief Society in the early 1990's for approximately $600.00. This debt will be referred to as the "subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff paid the loan in full on or before August of 1994, when he was discharged from the Navy.

12. Plaintiff never heard about any remaining alleged liability on the debt from any party until the Defendant contacted him in January of 2010.

13. That on January 15, 2010, Defendant mailed Plaintiff a letter, which Plaintiff received and read, which stated that Plaintiff owed $14,822,312.58 on the subject debt.

14. That immediately upon receipt of the letter, Plaintiff called the Defendant to dispute the debt. Upon questioning by the Plaintiff, Defendant reaffirmed that the amount claimed in the January 15, 2010 letter was the correct and that said sum was immediately due.

15. Plaintiff then informed Defendant that he did not believe he owed the debt and, therefore, would be paying it. Defendant then stated that there were legal measures they could take to collect the debt.

16. That Plaintiff then called the alleged creditor regarding the debt. They stated that he owed approximately $200.00 on the debt.

17. Neither the Defendant, nor the creditor for whom they were collecting had decided to sue Plaintiff on the debt, nor had said creditor authorized the commence of such a lawsuit at the time the events described in this complaint took place.

18. That the statute of limitations to file a lawsuit to collect the subject debt expired in the 1990's. As such, a lawsuit to collect the subject debt could not be filed.

19. That as a result of Defendant's acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

20. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above.

21. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f by falsely representing that a lawsuit would be filed against Plaintiff despite the fact that the statute of limitations had expired.

    B. Defendant violated 15 U.S.C.§1692e(2)(A) by misrepresenting the amount due on the subject debt.

    C. Defendant violated 15 U.S.C.§1692g(a) by failing to provide the written disclosures and information required by that statute.

22. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

   (a) Actual damages;

   (b) Statutory damages pursuant to 15 U.S.C. §1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (e) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: July 7, 2010

                4

 /s/ Kenneth R. Hiller_____
Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
      sandrews@kennethhiller.com